J-A21040-17

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| MELVIN WALLACE AMOS, SR. | |
| Appellant | No. 1868 WDA 2016 |

Appeal from the Judgment of Sentence Entered September 9, 2016
In the Court of Common Pleas of Mercer County
Criminal Division at No: CP-43-CR-0001559-2015

BEFORE: BENDER, P.J.E., OLSON, J., and STABILE, J.

MEMORANDUM BY STABILE, J.: FILED DECEMBER 22, 2017

Appellant, Melvin Wallace Amos, Sr., appeals from the September 9, 2016 judgment of sentence imposing four to eight years of incarceration for unlawful possession of a firearm.[1] We affirm.

On August 18, 2015, police executed a search warrant at Appellant's home, arrested him, and charged him with the aforementioned offense. On June 16, 2016, a jury found Appellant guilty. After the trial court imposed sentence, Appellant filed a timely post-sentence motion challenging, among other things, the weight of the evidence in support of Appellant's conviction. The trial court denied the motion on November 8, 2016. This timely appeal followed. Appellant raises four issues for our review:

_____

[1] 18 Pa.C.S.A. § 6105.

I. Whether the trial court erred in overruling [Appellant's] challenge to the prosecution striking the only African American juror in the panel?

II. Whether the trial court erred in admitting hearsay evidence as to the identification of [Appellant] for purposes of a prior conviction?

III. Whether the Commonwealth produced sufficient evidence to convict [Appellant under § 6105]?

IV. Whether the verdict was against the weight of the evidence?

Appellant's Brief at 5. We will address these issues in turn.

In Batson v. Kentucky, 476 U.S. 79, 89 (1986), the United States Supreme Court held that the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution forbids a prosecutor to strike a juror solely on the basis of race. Appellant is African American, and the venire contained only one African American. The prosecutor used a peremptory strike to exclude her from the trial jury. Appellant claims the prosecutor violated Batson.

In an equal protection claim, the defendant bears the burden "to prove the existence of purposeful discrimination." Id. at 93. First, the defendant must make a prima face showing of discriminatory juror selection, that is, that the prosecution excluded jurors because of their race. Id. at 97.

In deciding whether the defendant has made the requisite showing, the trial court should consider all relevant circumstances. For example, a "pattern" of strikes against black jurors included in the particular venire might give rise to an inference of discrimination. Similarly, the prosecutor's questions and statements during voir dire examination and in exercising his challenges may support or refute an inference of discriminatory

- 2 -

purpose. These examples are merely illustrative. We have confidence that trial judges, experienced in supervising voir dire, will be able to decide if the circumstances concerning the prosecutor's use of peremptory challenges creates a prima facie case of discrimination against black jurors.

Id. If the defendant makes the prima facie showing, the prosecutor must defend the exclusion with "a neutral explanation related to the case to be tried." Id. at 98. "The trial court will then have the duty to determine if the defendant has established purposeful discrimination." Id.

Instantly, Appellant objected when the prosecutor used a peremptory challenge to exclude the only black juror from the petit jury. The trial court explained:

This Court, as is its practice, called counsel to sidebar after the prospective panel was seated and asked the Commonwealth to put on the record its reason for striking the sole African American juror. The reason given was the juror's lack of a college degree. The case against [Appellant] involved constructive possession and the Commonwealth sought jurors with college degrees.

[Appellant] objected to this reason on the grounds it was not racially neutral in that there were other jurors who did not have a college degree who were not stricken.

[...]

Given the Commonwealth struck the only African American on the panel, this [c]ourt finds there is a prima facie showing that the Commonwealth struck the juror based on race.

This [c]ourt further finds that the reason given was race neutral. The Commonwealth's case involved one of constructive possession. Such cases require jurors to apply complex legal theories. The higher degree of education, the more likely it is a juror would correctly apply the theory.

> The fact that there were other jurors who did not have a college education who were not struck does not make the reason less racially neutral. The reason is still racially neutral and that is what is required. There can be other reasons for those other jurors that were not stricken.

Trial Court Opinion, 11/8/16, at 3-4.

As set forth above, Batson involves a three-step analysis. First, the defendant must establish a prima facie case of discrimination. Second, if the trial court finds a prima facie case, the prosecutor must offer a race-neutral explanation. Third, the trial court must evaluate the case to determine whether the defendant has established purposeful discrimination.

The trial court found a prima facie case, and the Commonwealth does not challenge that finding on appeal. Regarding the second prong, the United States Supreme Court has held that the prosecutor need not offer "an explanation that is persuasive, or even plausible." Purkett v. Elem, 514 U.S. 765, 768 (1995). "At this second step of the inquiry, the issue is the facial validity of the prosecutor's explanation. Unless a discriminatory intent is inherent in the prosecutor's explanation, the reason offered will be deemed race-neutral." Id. (quoting Hernandez v. New York, 500 U.S. 352, 360 (1991)). Here, the prosecutor said he struck the juror because of her education level. The trial court properly accepted that explanation as race-neutral.

As to the third prong, "[t]he trial court ultimately makes a determination of whether the defense has carried its burden of proving purposeful

discrimination." Commonwealth v. Sanchez, 36 A.3d 24, 44 (Pa. 2011), cert. denied, 585 U.S. 833 (2012). "A finding by the trial court as to discriminatory intent must be given great deference on appeal." Commonwealth v. Simmons, 662 A.2d 621, 631 (Pa. 1995); see also, Miller-El v. Cockrell, 537 U.S. 322, 340 (2003). Here, the trial court noted that the prosecution did not use peremptory challenges to strike two other jurors who had only a high school education. The court concluded the prosecution could have had other reasons for not striking those jurors. Appellant argues the prosecutor's explanation was not credible because the prosecutor failed to strike other jurors who lacked college degrees. Appellant also notes that the black juror held a management level position at a retail store, thus indicating her sufficient intellectual ability to understand constructive possession.

As the foregoing makes clear, the defense bears the ultimate burden of proving purposeful discrimination after the prosecution offers a race-neutral explanation. Appellant has established that the prosecutor struck the only black juror because she lacked a college education, but failed to strike white jurors who lacked college educations. Presumably, for this reason, the trial court found a prima facie case of discrimination. The trial court ultimately found nothing more than a prima facie case, and we agree. Appellant elicited no evidence about the other qualifications of the jurors who lacked college educations. We therefore cannot assess whether the prosecutor had race

neutral reasons for deeming them to be qualified, despite their lack of a college education. As a result, we have little to go on but the trial court's assessment of the prosecutor's credibility, an assessment to which we owe great deference. We therefore will not disturb the trial court's ruling.

Next, Appellant argues the trial court erred in admitting hearsay evidence to establish Appellant's identity. Admissibility of evidence rests within the sound discretion of the trial court. Commonwealth v. Chmiel, 738 A.2d 406, 414 (Pa. 1999), cert. denied, 528 U.S. 1131 (2000). We will reverse only if the trial court abuses its discretion. Id. Instantly, the Commonwealth introduced a certified copy of a 1995 jury verdict slip indicating Appellant was found guilty of possession with intent to deliver a controlled substance ("PWID").[2] The witness who introduced the verdict slip also testified to Appellant's name, date of birth, and social security number. Appellant claims that this information appeared in the criminal complaint related to the 1995 conviction, but did not appear in the verdict slip. Thus, Appellant claims the Commonwealth failed to produce admissible evidence identifying him as the person convicted of PWID in 1995. The trial court relied on 42 Pa.C.S.A. §§ 6103 and 6104, regarding evidence of official records. The Commonwealth cites Pa.R.E. 902, regarding self-authenticating public documents. Appellant responds that these rules are inapplicable because the

_____

[2] 35 P.S. § 780-113(a)(30).

- 6 -

Commonwealth did not introduce any document properly identifying him as the party convicted in 1995. We need not analyze the applicable law in any detail. Appellant's argument fails because he testified in his own defense and admitted that he had a prior conviction in 1995. N.T. Trial, 6/16/16, at 30.

Next, Appellant argues the Commonwealth failed to produce sufficient evidence in support of his conviction under § 6105. The applicable standard of review is as follows:

> When evaluating a sufficiency claim, our standard is whether, viewing all the evidence and reasonable inferences in the light most favorable to the Commonwealth, the factfinder reasonably could have determined that each element of the crime was established beyond a reasonable doubt. This Court considers all the evidence admitted, without regard to any claim that some of the evidence was wrongly allowed. We do not weigh the evidence or make credibility determinations. Moreover, any doubts concerning a defendant's guilt were to be resolved by the factfinder unless the evidence was so weak and inconclusive that no probability of fact could be drawn from that evidence.

Commonwealth v. Kane, 10 A.3d 327, 332 (Pa. Super. 2010), appeal denied, 29 A.3d 796 (Pa. 2011). Appellant argues the Commonwealth failed to prove beyond a reasonable doubt that Appellant was in constructive possession of the firearm in question.

> Constructive possession is a legal fiction, a pragmatic construct to deal with the realities of criminal law enforcement. Constructive possession is an inference arising from a set of facts that possession of the contraband was more likely than not. We have defined constructive possession as conscious dominion. We subsequently defined conscious dominion as the power to control the contraband and the intent to exercise that control. To aid application, we have held that constructive possession may be established by the totality of the circumstances.

Commonwealth v. Hopkins, 67 A.3d 817, 820 (Pa. Super. 2013), appeal denied, 78 A.3d 1090 (Pa. 2013).

The record reflects that Appellant lived in the home of Danielle Dallas, his ex-girlfriend. Appellant and Dallas lived in the home together for 8 or 9 years, and Appellant rented the home after Dallas moved out. The gun in question was registered to Dallas, but she moved out of the home approximately a year and a half before Appellant's arrest and left it behind. Police found it in the master bedroom on a shelf. A wallet and pill bottles with Appellant's identifying information also were found in the master bedroom. Appellant testified that he did not sleep in the master bedroom after Dallas moved out, but the guns were within easy reach of the bed. Given that Dallas' firearm remained in the house after she moved out and was found in the master bedroom along with Appellant's wallet and pill bottles, we conclude that the record contains more than sufficient evidence to prove Appellant's constructive possession of the gun. See, e.g., Commonwealth v. Walker, 874 A.2d 667, 678 (Pa. Super. 2005) (finding sufficient evidence of constructive possession where a gun was found in a basement where the defendant kept some of his clothes); Commonwealth v. Keefer, 487 A.2d 915, 918 (Pa. Super. 1985) (finding sufficient evidence of constructive possession where a document containing the defendant's name and address was found on a dresser in the same bedroom as the contraband).

Finally, Appellant argues that his convictions are contrary to the weight of the evidence. Our standard of review is well settled:

> A motion for a new trial based on a claim that the verdict is against the weight of the evidence is addressed to the discretion of the trial court. A new trial should not be granted because of a mere conflict in the testimony or because the judge on the same facts would have arrived at a different conclusion. Rather, the role of the trial judge is to determine that notwithstanding all the facts, certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice. It has often been stated that a new trial should be awarded when the jury's verdict is so contrary to the evidence as to shock one's sense of justice and the award of a new trial is imperative so that right may be given another opportunity to prevail.

> An appellate court's standard of review when presented with a weight of the evidence claim is distinct from the standard of review applied by the trial court:

> Appellate review of a weight claim is a review of the exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence. Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is against the weight of the evidence. One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice.

Commonwealth v. Clay, 64 A.3d 1049, 1054–55 (Pa. 2013) (internal citations and quotation marks omitted; emphasis in original).

Appellant argues the trial court erred in denying his motion for a new trial because the trial court misconstrued the evidence. According to the trial court, Dallas testified that she owned two handguns, a .25 and a .45, which

she kept under the mattress in the master bedroom. Thus, the record supports an inference that Appellant moved the gun in question, the .45, from the mattress to the shelf. Appellant notes that Dallas actually testified that she kept the .25 under the mattress and the .45 on the shelf where police found it. Police did not find the .25. Thus, he contends, the record does not support an inference that Appellant moved the .45 from under the mattress sometime after Dallas moved out.

In our view, this discrepancy is not meaningful. Dallas left the home and the .45 a year and a half prior to Appellant's arrest. The .45 was on a shelf in plain view in a bedroom where Appellant stored his pill bottles and wallet, and within reach of the bed where Appellant slept while Dallas still lived there. Furthermore, the jury was not required to credit Appellant's testimony that he stopped sleeping in the master bedroom after Dallas moved out. A finding that Appellant was in constructive possession of the .45 is not against the weight of the evidence. We discern no abuse of discretion in the trial court's decision to deny a new trial.

In summary, we have found no merit in any of Appellant's arguments. We therefore affirm the judgment of sentence.

Judgment of sentence affirmed.

President Judge Emeritus Bender joins the memorandum.

Judge Olson concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/22/2017